IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

In re

SOUTH ARKANSAS YOUTH SERVICES, INC.                                                DEBTOR

Case No. 1:18-70124

RENEE WILLIAMS, TRUSTEE                                                             PLAINTIFF

v.                                         Case No. 1:21-mc-00007

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA and
TRAVELERS CASUALTY AND
INSURANCE COMPANY                                                                  DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Withdraw Bankruptcy Court Reference. (ECF No. 1). Plaintiff has filed a response (ECF No. 5), and Defendants have filed a reply (ECF No. 9). The Court finds the matter ripe for consideration.

South Arkansas Youth Services filed for Chapter 7 bankruptcy on January 18, 2018, in the United States Bankruptcy Court for the Western District of Arkansas. Plaintiff Renee Williams was appointed as Trustee in that bankruptcy proceeding. Plaintiff, as trustee, has filed an adversary proceeding against Defendants in bankruptcy court alleging various causes of action arising under Arkansas law.[1] Defendants have filed an answer and demand a jury trial. Defendants do not consent to the jury trial being held in bankruptcy court and have moved this Court to assume

---

[1] Plaintiff brought the claims against the Defendant insurance companies directly pursuant to Arkansas's "Direct Action Statute." *See* Ark. Code Ann. § 23-29-210.

jurisdiction over the adversary proceeding.

"The district court may withdraw, in whole or in part, any case or proceeding referred [to bankruptcy court], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "If the right to a jury trial applies in a proceeding that may be heard . . . by a bankruptcy judge, the bankruptcy judge may conduct the jury trial . . . with the express consent of all the parties." 28 U.S.C. 157(e). Courts routinely remove cases from bankruptcy court where a defendant is entitled to a jury trial and does not consent to the trial being conducted in bankruptcy court. *See generally Rice v. Oxner*, No. 4:17-mc-9, 2017 WL 3484678, at *1 (E.D. Ark. Aug. 11, 2017); *In re Shur-Valu Stamps, Inc.*, AP No. 4:11-AP-01151, 2011 WL 3949682, at *1 (E.D. Ark. Sept. 7, 2011); *In re Winrock Grass Farms, Inc.*, No. 4:07-mc-00013, 2008 WL 350143, at *2 (E.D. Ark. Feb. 7, 2008).

Plaintiff concedes that Defendants have a right to a jury trial on Plaintiff's claims. Plaintiff also acknowledges that Defendants do not consent to a jury trial in bankruptcy court. However, Plaintiff argues that although this Court should preside over the jury trial, if or when it occurs, the Court should still delegate all pretrial matters to be administered by the bankruptcy court. Defendants object to delegating pretrial matters to the bankruptcy court, arguing that it would be more prudent to resolve all pretrial matters in a single court.

"The fact that the bankruptcy judge is not authorized to conduct a jury trial without the consent of the parties does not . . . require immediate withdrawal of the reference." *Rice v. Luken Communications LLC*, No. 4:11-mc-00001, 2011 WL 398398, at *1 (E.D. Ark. Feb. 3, 2011). Indeed, "the Court can 'delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of jury selection and trial." *Id*. (quoting *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993)). "Whether to

withdraw the reference immediately or defer the withdrawal of the reference . . . is a pragmatic decision that the district court may make based upon questions of efficient case administration." *Id*.; *see also Rice v. Rochon*, No. 4:11-mc-0002, 2011 WL 873407, at *2 (E.D. Ark. Feb. 23, 2011).

The Court finds that the bankruptcy court can administer this case more efficiently than can this Court because the bankruptcy court is already familiar with the bankruptcy estate and the history of the bankruptcy proceedings. The bankruptcy proceeding has been ongoing since early 2018. Plaintiff alleges that during that time, Plaintiff has sought multiple forms of relief from the bankruptcy court. (ECF No. 5). Accordingly, the bankruptcy court's familiarity with the bankruptcy estate and its history make it better situated to administer pretrial matters that may arise during the adversary proceedings.

Based on the forgoing, Defendants' Motion to Withdraw Bankruptcy Court Reference (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART**. Insofar as Defendants are requesting immediate withdrawal of the reference, the Motion is denied. Insofar as Defendants are requesting that the reference be withdrawn for purposes of presiding over the jury trial, the motion is granted. The Court designates the bankruptcy court to conduct all pretrial proceedings other than jury selection. Once the bankruptcy court certifies to this Court that the matter is ready for trial, the Court will enter an Order withdrawing the reference and schedule the case for trial.

**IT IS SO ORDERED**, this 19th day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge